NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR REYES,<br><br>     Plaintiff,<br><br>  v.<br><br>ASSOCIATED RECOVERY SYSTEMS,<br><br>     Defendants. | Civil Action No. 11-cv-03075 (SDW)<br><br><br>OPINION<br><br><br>February 8, 2011 |

**WIGENTON**, District Judge.

Before the Court is Associated Recovery Systems' ("ARS") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court **GRANTS** ARS's Motion to Dismiss.

**BACKGROUND**

This matter involves Plaintiff Victor Reyes ("Plaintiff") and ARS Associated Recovery Systems ("Defendants" or "ARS"). In this action, Plaintiff seeks actual and statutory damages, attorney's fees, and filing fees for ARS's alleged violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, *et seq.* The issue before this Court is whether ARS's collection letter to Plaintiff violated section § 1692j(a) of the FDCPA.

**FACTS**

On September 9, 2010, ARS sent Plaintiff an initial contact letter[1] in Spanish ("Letter") regarding a debt Plaintiff owed to Bank of America, NA which had been placed with ARS. (Compl. ¶¶ 6, 8.)  Plaintiff had not consented to or ratified any assignment of the debt owed to Bank of America, NA.  (*Id.* ¶ 9.)  The Letter identified ARS as the sender and refers to the account as a Bank of America, NA account.  (Declaration of Cindy D. Salvo ("Salvo Decl."), Ex. A (Spanish-language letter), at 1; Ex. B (English translation of letter), at 1.)  The Letter also lists a Bank of America, NA account number, ARS account number, and the account balance.  (*Id.*)  The Letter states that the "referenced account has been placed with [ARS] for collection" and identifies ARS as a debt collector.  (*Id.*)  Specifically, the Letter states "[t]his communication is from a debt collector. This is an attempt to collect a debt.  Any information obtained will be used for that purpose."  (*Id.*)  Additionally, the Letter provides the recipient with a validation notice which states:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(*Id.*)

Plaintiff alleges that because the Letter did not state ARS's legal right to collect the debt the letter was misleading and deceptive to the least educated consumer in violation of the

---

[1] Plaintiff actually received a dunning letter.  A dunning letter is synonymous with a collection letter or a demand for payment. *See* Black's Law Dictionary 518 (7th ed.1999) (defining "dun" as "[t]o demand payment from (a delinquent debtor)).

FDCPA. (Compl. ¶¶ 10-11.) Plaintiff further alleges that the Letter violates the FDCPA because it "was written to completely deceive [him] as to [the owner of the debt at the time of the Letter] and [as to his] to ability to dispute the debt." (Compl. 4.) Plaintiff additionally alleges that the Letter violated the FDCPA because the account number listed on the Letter does not belong to the Plaintiff. (Compl. ¶ 12.) Finally, Plaintiff alleges that ARS violated the FDCPA because ARS reported the debt to credit reporting agencies which resulted in Plaintiff's credit score being lowered. (Compl. ¶ 5.)

**LEGAL STANDARD**

The adequacy of pleadings is governed by Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). When reviewing a motion to dismiss, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 233.

As a general rule, a district court deciding a motion to dismiss may consider only the contents of the pleadings. *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (internal citation omitted). However, there exists an exception to that general rule in that "'[d]ocuments that the defendant attaches to the motion to dismiss are considered part of the

pleadings if they are referred to in the plaintiff's complaint and are central to the claim.'" *Cooper v. Samsung Elecs. America, Inc.*, 374 F. App'x 250, 253 n.3 (3d Cir. Mar. 30, 2010) (quoting *Pryor*, 288 F.3d at 560).

**DISCUSSION**

Congress enacted the FDCPA "to eliminate abusive debt collection practices." 15 U.S.C. § 1692(e). Section 1692k of the FDCPA creates a private cause of action for any person that is aggrieved by a debt collector's violation the statute. *See id*. at § 1692k. The Third Circuit has held that "lender-debtor communications potentially giving rise to claims under the FDCPA . . . should be analyzed from the perspective of the least sophisticated debtor." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). The purpose of this standard is "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law. . . ." *United States v. National Financial Serv., Inc.*, 98 F.3d 131, 136 (4th Cir.1996) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993)). The standard also "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.*

The provision of the FDCPA upon which Plaintiff bases his claim states:

> [i]t is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

15 U.S.C. § 1692j(a). The provision is designed to combat the abusive practice known as "flat-rating", which is when a collection agency sells dunning letters to creditors with the agency's letterhead on the letter, even though the agency is not involved in the collection of the debt. *See Orenbuch v. North Shore Health Sys., Inc.*, 250 F.Supp.2d 145, 149-50 (E.D.N.Y. 2003). The

resulting effect is to give the debtor a misleading sense of urgency regarding repayment. *See id*; *see also Anthes v. Transworld Sys. Inc.*, 765 F. Supp. 162, 167-68 (D.Del. 1991) (quoting FDCPA legislative history).

Considering the legislative purpose behind § 1692j(a), Plaintiff's allegations do not support the denial of this motion. While Plaintiff's numerous allegations are bleak for multiple reasons, only one is particularly germane to this Court's analysis. Since the purpose of the § 1692j(a) is to combat flat-rating, in order to state a claim upon which relief would be granted, Plaintiff would have to state that ARS was not actually engaged by Bank of America to collect the debt. Since the complaint fails to allege the practice of "flat-rating", it falls short of stating a claim under § 1692j. *See Anthes*, 765 F. Supp. at 168 (stating that, pursuant to the FDCPA and the legislative history, § 1692j only applies to situations involving flat raters).

**CONCLUSION**

For the reasons set forth above, Plaintiff's complaint is dismissed. Since this Court cannot determine whether an amendment to the Complaint would cure the deficiency indicated above, this Court will not automatically grant Plaintiff leave to amend. *See Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008); *see also Foman v. Davis*, 371 U.S. 178 (1962) (holding that leave to amend under Rule 15(a) should be freely given in the absence of any declared reason such as the futility of the proposed amendment). Instead, Plaintiff may file a motion for leave to amend the Complaint. ARS's motion is **GRANTED**.

s/Susan D. Wigenton, U.S.D.J.

Orig: Clerk
Cc:   Madeline Cox Arleo, U.S.M.J.
      Parties